FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 4, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JERRY SCOTT SOUTHARD, II,

    Defendant - Appellant.

No. 21-6035
(D.C. No. 5:20-CR-00118-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **MORITZ**, Circuit Judges.
_____

Jerry Scott Southard, II, pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 84 months in prison. He challenges the procedural reasonableness of his sentence, arguing the district court improperly applied a four-level enhancement under United States Sentencing Guideline ("U.S.S.G.") § 2K2.1(b)(6)(B).[1] Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] At oral argument, Mr. Southard confirmed this is the only issue for our review and abandoned any other challenges to his sentence. Oral Arg. at 0:21-0:44, 2:38-2:47.

## I.  BACKGROUND

### A. *Factual History*

On February 23, 2020, Oklahoma City police offers stopped a Chevrolet Silverado driven by Mr. Southard.  During the stop, Mr. Southard disclosed he had a firearm.  The officers found an automatic pistol and illegal drugs—including heroin and methamphetamine—on his person.  Mr. Southard admitted he was a felon and was aware it was unlawful for him to carry a firearm.

The police determined that the Silverado had been stolen at gunpoint the previous day.  Mr. Southard said he had traded his Cadillac Escalade for the Silverado from his acquaintance, Flisha Mehan.  Ms. Mehan and two accomplices had stolen the Silverado earlier that day.  In an interview with the police, Ms. Mehan confirmed that she and her accomplices traded the Silverado to Mr. Southard for the Escalade.

### B. *Procedural History*

A federal grand jury indicted Mr. Southard for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Mr. Southard pled guilty to that charge.

The Presentence Investigation Report ("PSR") recommended an offense-level enhancement under § 2K2.1(b)(6)(B), which provides for a four-level increase "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense."  "[A]nother felony offense" is "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of

2

whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 cmt. n.14(C).

The PSR found that Mr. Southard possessed a firearm in connection with the felony offenses of (1) drug possession with a prior state conviction under 21 U.S.C. § 844(a) and (2) unauthorized use of a vehicle under Okla. Stat. tit. 47, § 4-102(A).[2] Mr. Southard objected to the enhancement, arguing (1) his drug possession could not amount to "a felony offense under an enhanced federal statute that was never charged," ROA, Vol. III at 10, and (2) he did not know the Silverado was stolen, *id.* at 10-11.

At sentencing, the district court overruled Mr. Southard's objection. It first determined that Mr. Southard's drug possession at the traffic stop, coupled with his 2016 state court conviction for possession of a controlled dangerous substance under Okla. Stat. tit. 63, § 2-402, was a felony under 21 U.S.C. § 844(a). Possession under § 844(a) is a felony if the defendant has a prior conviction of a state "drug, narcotic, or chemical offense" that "proscribes the possession . . . [of] any substance . . . prohibited under this subchapter." 21 U.S.C. § 844(a), (c).

---

[2] This provision states:
> A person not entitled to possession of a vehicle who, without the consent of the owner and with intent to deprive the owner, temporarily or otherwise, of the vehicle or its possession, takes, uses or drives the vehicle shall, upon conviction, be guilty of a felony punishable by imprisonment in the custody of the Department of Corrections for a term not to exceed two (2) years.

The district court also determined that Mr. Southard's unauthorized use of the Silverado was a felony under Oklahoma law and provided a basis for the enhancement. The court rejected Mr. Southard's argument that he did not know the Silverado was stolen, stating:

> Well, I'm going to overrule the [enhancement] objection in any event. I'm satisfied from the authority that the defendant had—his possession of drugs, coupled with his prior convictions, made this qualify for the four-point enhancement. And also, frankly, I don't believe [Mr. Southard's] explanation [for possessing the stolen vehicle.] Here is a vehicle that was stolen the day before and he has it. And with his track record, I'm satisfied he knew that was a stolen vehicle. So I'm going to overrule the objection.

ROA, Vol. III at 12.

After considering Mr. Southard's criminal history and the factors set forth in 18 U.S.C. § 3553(a), the district court imposed an above-guidelines sentence of 84 months in prison.

## II. **DISCUSSION**

Mr. Southard concedes he possessed a firearm. Aplt. Br at 5. He contests whether there was "another felony offense." *Id.* at 24-25. In his opening brief, he makes only one argument, and does so for the first time on appeal. He contends that his 2016 state drug conviction did not make his drug possession in this case a felony under 21 U.S.C. § 844(a) because the Oklahoma drug statute underlying his state conviction included drugs that were not listed as controlled substances on the federal drug schedule.

4

We need not consider this argument because we can affirm the district court's § 2K2.1(b)(6)(B) sentencing enhancement based on Mr. Southard's unauthorized use of the Silverado.  Mr. Southard fails in his opening brief to address this ground for the four-level increase and therefore has waived the issue.  *See Platt v. Winnebago Indus., Inc.*, 960 F.3d 1264, 1271 (10th Cir. 2020) ("[F]ailure to raise an issue in an opening brief waives that issue . . . ." (quotations omitted)); *Wyoming v. Livingston*, 443 F.3d 1211, 1216 (10th Cir. 2006) ("Wyoming did not address this issue in its opening appellate brief.  The issue is therefore waived."); *Silverton Snowmobile Club v. U.S. Forest Serv.*, 433 F.3d 772, 783 (10th Cir. 2006) ("[W]e have held that the failure to raise an issue in an opening brief waives that issue." (quotations and alterations omitted)); *see also U.S. v. RaPower-3, LLC*, 960 F.3d 1240, 1250 (10th Cir. 2020) ("When an appellant does not challenge a district court's alternate ground for its ruling, we may affirm the ruling." (quoting *Starkey ex rel A.B. v. Boulder Cnty. Soc. Servs.*, 569 F.3d 1244, 1252 (10th Cir. 2009))).

In his reply brief, Mr. Southard "concedes he cannot establish harm as to the [district court's] ruling" if the district court also found that his unauthorized use of a vehicle was a felony offense.  Aplt. Reply Br. at 5.  At oral argument, his counsel said, "If [the court] was making an alternative holding . . . [that] this four-level enhancement applies because . . . [Mr. Southard] fit the elements for felony possession of a stolen vehicle . . . it's over for Mr. Southard."  Oral Arg. at 1:54-2:30.  We conclude the district court found that Mr. Southard's possession of a

5

stolen vehicle was a felony offense and was an alternative basis for the

§ 2K2.1(b)(6)(B) enhancement.

As to whether his firearm possession was "in connection with" the

unauthorized use of the Silverado, that requirement was satisfied because his firearm

"had the potential to facilitate his possession of the stolen vehicle." *United States v.*

*Sanchez*, 22 F.4th 940, 942 (10th Cir. 2022); *see also* Oral Arg. at 7:30-7:41

(acknowledging that *Sanchez* resolves this requirement).

## III. **CONCLUSION**

We affirm Mr. Southard's sentence.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge